IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA WOOD, | : |
| | : |
| Plaintiff, | : |
| | : CIVIL ACTION FILE |
| v. | : |
| | : NO. |
| MIDLAND CREDIT MANAGEMENT, | : |
| INC., a Kansas corporation, | : |
| | : |
| Defendant. | : |
| | : |

**COMPLAINT FOR DAMAGES**

**INTRODUCTION**

1. This is an action for damages against the defendant for violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

**SUBJECT MATTER JURISDICTION**

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337 (federal question jurisdiction).

## PARTIES AND PERSONAL JURISDICTION

3. Plaintiff is a resident of this State, District and Division and is authorized by law to bring this action.

4. Defendant, MIDLAND CREDIT MANAGEMENT, INC., is a corporation organized under the laws of the State of Kansas. [Hereinafter, said Defendant is referred to as "MCM"].

5. MCM transacts business in this state.

6. MCM's transactions in this state give rise to the Plaintiff's cause of action.

7. MCM is subject to the jurisdiction and venue of this Court.

8. MCM may be served by personal service upon its registered agent in the State of Georgia, to wit: Corporation Service Company, 40 Technology Parkway South, #300, Norcross, Ga 30092.

9. Alternatively, MCM may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and, as applicable, the laws of the States of Georgia or Kansas.

## FACTS COMMON TO ALL CAUSES

10. MCM uses the mails in its business.

11. MCM uses telephone communications in its business.

12. The principle purpose of MCM's business is the collection of debts.

13. MCM regularly collects or attempts to collect debts owed or due, or asserted to be owed or due, another.

14. MCM is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

15. In the course of attempting to collect a debt allegedly due from Plaintiff to a business not a party to this litigation, MCM communicated with Plaintiff in a manner which violated the Federal Fair Debt Collection Practices Act.

16. In or around August 2010, MCM left a series of one or more telephone messages for Plaintiff requesting a return call.

17. In at least one of the messages, MCM did not meaningfully disclose its identity.

18. In at least one of the messages, MCM did not state that the communications were from a debt collector.

19. In at least one of the messages, MCM did not state that the communications were an attempt to collect a debt.

20. Defendant's communications violate the Fair Debt Collection Practices Act.

21. Plaintiff has complied with all conditions precedent to bring this action.

## CAUSE OF ACTION

## FAIR DEBT COLLECTION PRACTICES ACT

22. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act.

23. Defendant's violations of the FDCPA include, but are not limited to, the following:

24. The placement of telephone calls without meaningful disclosure of the caller's identity, in violation of 15 U.S.C. § 1692d(6);

25. The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e;

26. The failure to disclose in subsequent communications that the communication is from a debt collector, in violation of 15 U.S.C. § 1692e(11).

27. Communicating with a consumer which the debt collector knows is represented by an attorney, in violation of 15 U.S.C. § 1692c(a)(2).

28. As a result of Defendant's actions, Plaintiff is entitled to an award of statutory damages, as well as an award of costs and attorney fees.

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF, AS FOLLOWS:

a) That Plaintiff be awarded statutory and actual damages;

b) That Plaintiff be awarded the expenses of litigation including a reasonable attorney fee;

c) That the Court declare each and every defense raised by Defendant to be insufficient; and

d) That the Court grant such further and additional relief as is just in the circumstances.

–Signature Page to Follow–

Respectfully submitted,

/S/ James M. Feagle
James M. Feagle
Georgia Bar No. 256916
Kris Skaar
Georgia Bar No. 649610
Justin T. Holcombe
Georgia Bar No. 552100

**SKAAR & FEAGLE, LLP**
108 East Ponce de Leon Avenue
Suite 204
Decatur, GA 30030
404 / 373-1970
404 / 601-1855 fax
jimfeagle@aol.com